IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ANTHONY & MARYANN MINISSALE**<br><br>v.<br><br>**STATE FARM FIRE & CASUALTY COMPANY** | **CIVIL ACTION**<br><br>**NO. 13-5912** |

**MEMORANDUM RE: PLAINTIFFS' MOTION TO REMAND**

Baylson, J.                                                                                           December 20, 2013

**MEMORANDUM**

Plaintiffs move to remand this case that was initially removed on the basis of diversity jurisdiction, contending Defendant has failed to show the amount in controversy exceeds $75,000 and Defendant's Notice of Removal was untimely.

### I. BACKGROUND

On June 7, 2011 water damaged the granite flooring of Plaintiffs' home. Plaintiffs contend their homeowner's insurance policy with State Farm covered replacement cost of the floor, but when they filed an insurance claim, State Farm refused to pay. On June 6, 2013, Plaintiffs brought claims for breach of contract and bad faith, seeking damages "in excess of $50,000 together with interest and costs and the cost of suit, counsel fees as permitted by law and grant such other relief as the Court may deem just and appropriate." (ECF 5A). In a letter from their counsel seeking payment on the policy, Plaintiffs provided Defendant with an estimate of $55,315.00 to replace the floor prior to the initiation of litigation on April 4, 2013. (ECF 5D).[1]

---

[1] It appears from the complaint that Plaintiffs may have already paid to replace their floor, and are seeking reimbursement from State Farm based on the insurance policy. See Plaintiffs' Compl. at ¶9 (averring Plaintiffs demanded "reimbursement for costs and expenses incurred in removing and replacing damaged tile). Accordingly, there may be additional evidence of actual damages.

1

On August 20, 2013 Defendants served on Plaintiffs a Request for Admission that total damages sought do not exceed $50,000, that total damages do not exceed $75,000 and that total damages sought do not exceed $150,000. (ECF 6A). Plaintiffs objected to the Request for Admission, contending it was premature because they were continuing their investigation. (ECF 6B). Plaintiffs responded they reserved their right to amend or supplement their response, and that "[i]t is specifically denied that plaintiffs' total damages do not exceed $75,000." (ECF 6B).

Defendant received Plaintiffs' response on September 19, and filed a notice of removal to federal court on October 7, 2013. Plaintiffs have moved to remand, contending defendants have failed to establish the amount in controversy exceeds $75,000 as required for subject matter jurisdiction under 28 U.S.C. § 1332, and that Defendant's notice of removal was untimely.

## II.   THE PARTIES' ARGUMENTS

1. Plaintiffs contend the only evidence of damages at this point in time is their estimate for the cost to replace the floor for $55,315.00. Defendant argues Plaintiffs' Response to Defendants' Request for Admissions to show Plaintiffs denied the amount in controversy does not exceed $50,000, $75,000, or $150,000. Defendant notes that in addition to the compensatory damages, Plaintiffs are seeking to recover damages for interest on the amount of the claim, punitive damages, and costs and attorney's fees for bad faith under 42 Pa. Stat. § 8371. Defendant contends the sum total of damages could exceed $75,000.

2. Plaintiffs also contend Defendant's motion to remove was untimely, because the complaint was filed on June 7, but removal was not sought until October 7, exceeding the 30-day time limit for removal under 28 U.S.C. § 1446(b). Defendant points to language in Section § 1446(b)(3) providing for timely removal upon receipt of additional jurisdictional information in amended pleadings or "other paper." Since the Plaintiffs' Responses to

Defendant's Requests for Admission was served on September 19, Defendant contends its motion to remand on October 7 was timely.

### IV.  ANALYSIS

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441.  "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States." 28 U.S.C. § 1332(a).  "Removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)." 28 U.S.C. § 1446(b)(2)(B).

A defendant must file notice of removal within 30 days after receiving the initial pleading.  28 U.S.C. § 1446(b).

> [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C.A. § 1446(b)(3).  "The removal statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand.'" Boyer v. Snap-on Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990) (quoting  Steel Valley Auth. v. Union Switch and Signal Div., 809 F.2d 1006, 1010 (3d Cir.1987)).

Neither party disputes that complete diversity exists in this case, as Plaintiffs are citizens of Pennsylvania and Defendant is a citizen of New York.  The central questions are whether the

amount in controversy requirement has been satisfied for this court to have subject matter jurisdiction under 28 U.S.C. § 1332, and whether Defendant timely sought removal under 28 U.S.C. § 1446(b).

**A. Amount in Controversy**

If the plaintiff specifically pleads the amount in controversy, the defendant seeking to remove must prove the amount in controversy exceeds $75,000 by a legal certainty. Frederico, 507 F.3d at 197. If the complaint does not specifically aver the amount in controversy, "the case must be remanded if it appears to a legal certainty that the plaintiff cannot recover the jurisdictional amount." Id. When there are disputes over factual issues, the "party alleging jurisdiction [must] justify his allegations by a preponderance of the evidence." Samuel-Bassett v. KIA Am., Inc., 357 F.3d 392, 397 (3d Cir. 2004). A plaintiff's averment that his claims do not meet the amount in controversy, alone, is insufficient to warrant remand. St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 294 (1938).

1. Plaintiffs Response to Defendant's Requests for Admission is Insufficient to Show Amount in Controversy

While there is some disagreement, the majority of the opinions in the Eastern District of Pennsylvania found a plaintiff's refusal to stipulate the amount in controversy, alone, is insufficient to show subject matter jurisdiction.[2] This conclusion is sound because a plaintiff's

---

[2] Lee v. Walmart, Inc. presented similar facts where the plaintiff claimed an amount "in excess of $50,000" and refused to stipulate that damages were less than $75,000. 237 F. Supp. 2d 577, 579 (E.D. Pa. 2002). "[S]everal courts have questioned the propriety of basing federal jurisdiction upon the negative inference from a plaintiff's refusal to stipulate to damages less than the jurisdictional minimum." Id. See also Fosbenner v. Wal–Mart Stores, Inc., No. 01–3358, 2001 WL 1231761, at *1 (E.D.Pa. Oct. 12, 2001) ( remanding because "Wal–Mart has produced no evidence beyond the pleadings and plaintiffs 'failure to agree to sign an affidavit'"); TJS Brokerage & Co. v. CRST, Inc., 958 F.Supp. 220, 222 (E.D.Pa. 1997) ("We know of nothing requiring such a stipulation."); Williams v. Best Buy Company, Inc., 269 F.3d 1316, 1320 (11th Cir. 2001) (finding a plaintiff's refusal to stipulate that her

limitation of damages sought in a complaint, alone, is insufficient to show remand is warranted. Red Cab, 303 U.S. at 294. It stands to reason that a refusal to so stipulate is also insufficient to demonstrate original jurisdiction. See Menard v. Hewlett Packard Co., No. 12-3570, 2012 WL 2938010 (E.D. Pa. July 19, 2012) ("But just as a complaint that limits damages to a figure below the jurisdictional threshold does not guarantee the case stays out of federal court, a lawyer's refusal to limit his clients' recovery by signing a stipulation should not end the inquiry.").

More importantly, in this case, Plaintiffs supplied an estimate of the cost to replace the floor for $55,315 on April 4, 2013. (ECF 5D). This evidence is stronger than the negative implication from Plaintiffs' refusal to stipulate to the amount in controversy. Defendant has not introduced any evidence contradicting that figure for actual damages, but instead argues that Plaintiffs can recover punitive damages and attorneys' fees that would exceed $75,000 when added to the actual damages.

2. Attorney's Fees and Punitive Damages

"When both actual and punitive damages are recoverable, punitive damages are properly considered in determining whether the jurisdictional amount has been satisfied." Packard v. Provident Nat. Bank, 994 F.2d 1039, 1046 (3d Cir. 1993). "Moreover, in calculating the amount in controversy, we must consider potential attorney's fees." Suber v. Chrysler Corp., 104 F.3d 578, 585 (3d Cir. 1997). It is undisputed that punitive damages and attorneys' fees are available under 42 Pa. Stat. § 8371 and there is no cap on the amount that can be recovered.

---

claims did not exceed $75,000 "inconclusive as to the amount in controversy," because "[t]here are several reasons why a plaintiff would not so stipulate, and a refusal to stipulate standing alone does not satisfy [the] burden of proof on the jurisdictional issue."). But see Johnson v. Costco Wholesale, No. 99–3576, 1999 WL 740690, at *3 (E.D.Pa. Sep. 22, 1999) (finding the plaintiffs' refusal to stipulate to a damages "legally significant").

In Lee, Judge Pollock concluded "[w]hile a plaintiff's failure to stipulate might provide some evidence that a claim is truly for more than the jurisdictional minimum, I do not believe that fact may alone shoulder the burden of § 1332 jurisdiction." 237 F. Supp. 2d at 580 ("While it is possible that the damages at issue amount to more than $75,000.00, that has not been clearly established on the record before this court.").

In Valley v. State Farm Fire & Cas. Co., Judge Shapiro denied plaintiffs' motion to remand because "[a] reasonable reading of Valleys' claims, which allege compensatory damages of $31,445.65 and punitive damages and reasonable attorneys fees not exceeding $50,000, could certainly satisfy the amount in controversy requirement." 504 F. Supp. 2d 1, 4 (E.D. Pa. 2006); see also Frederico, 507 F.3d at 195 (quoting Valley v. State Farm approvingly). The court distinguished Howard v. Allstate Ins. Co., 2006 WL 2818479 (E.D. Pa. 2006), where the plaintiff claimed $14,089 in compensatory damages, as well as punitive damages and attorney's fees "not in excess of $50,000" for a bad faith claim, because "[e]ven if the Howard plaintiff were awarded $50,000 for his bad faith claim, the aggregation of his claims could not possibly exceed $75,000." Id. at 6. Since there was no such limit placed on the recovery the plaintiffs sought in Valley v. State Farm and "compensatory damages are $31,445.65, which, aggregated with their bad faith claim, could exceed $75,000," the defendant "has shown Valleys's claims exceed the required jurisdictional amount." Id. at *5-6.

In Irving v. Allstate the court refused to "infer from the answer's reference to damages 'exceed[ing] $50,000' and plaintiff's demand for punitive damages, attorneys' fees, interest, and costs that the jurisdictional amount likely be exceeded" because "Allstate has produced no evidence of the additional amounts possible or likely in this case." 97 F. Supp. 2d 653, 655 (E.D. Pa. 2000) (finding the defendant "must give the Court something more than tenuous inferences if it hopes to sustain its burden of proof as to the amount in controversy" because "there is nothing on the record by which the Court could determine the reasonable value of the claims asserted by plaintiff"). "If this Court has to guess, defendant has not proved its point." Id.

Although the speculation of the amount of punitive damages and attorneys' fees was insufficient to support diversity jurisdiction in Irving, in that case there was no indication whatsoever as to the amount of actual damages.  If the compensatory damages are very low, even adding punitive damages and attorneys' fees could not increase the value of the claim to meet the jurisdictional threshold, and the court refused to "guess" as to the amount.

As in Valley v. State Farm, Defendant here has pointed to Plaintiffs' own estimate of compensatory damages for $55,315.  The Third Circuit has found a plaintiff could have recovered punitive damages in a bad faith claim because "[a] rational jury could well have concluded that State Farm, by not making an offer to Neyer based upon some objective criteria it believed compensated adequately for her injuries, knowingly or recklessly acted without reasonable basis."  Klinger v. State Farm Mut. Auto. Ins. Co., 115 F.3d 230, 235 (3d Cir. 1997). Plaintiffs plead in their complaint that "State Farm refuses to honor its obligations and continues to deny the Minissales' claim."  Pl. Compl. ¶15.  Based on the complaint and 42 P.S. § 8371 it appears Plaintiffs could recover punitive damages.  Since Plaintiffs are able to recover, in addition to the $55,315 estimate for consequential damages, punitive damages and attorney's fees, and Pennsylvania law does not cap those damages, it is more likely than not that Plaintiffs can recover more than $75,000.

**B. Timeliness of Defendant's Notice of Removal**

A notice of removal must be filed "within thirty days after the receipt by the defendant . . . of a copy of the initial pleading setting forth a claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b).  "28 U.S.C. § 1441 is to be strictly construed against removal, so that the Congressional intent to restrict federal diversity jurisdiction is honored."

Samuel-Bassett, 357 F.3d at 396.  If the complaint does not provide sufficient basis to ascertain subject matter jurisdiction, "notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).  Under the Federal Court Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, 125 Stat. 758. (28 U.S.C.A. § 1446(a)(3)(A)).

> If the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an 'other paper' under subsection (b)(3).

 28 U.S.C. § 1446(c)(3)(A).  Third Circuit has not defined "other paper" but district courts in our circuit have interpreted the phrase widely to include requests for admission, Broderick v. Dellasandro, 859 F. Supp. 176, 179 (E.D. Pa. 1994), correspondence between counsel, Efford v. Milam, 368 F.Supp.2d 380, 384 (E.D.Pa. 2005), and answers to interrogatories, Cabibbo v. Einstein/Noah Bagel Partners, L.P., 181 F.Supp.2d 428, 432–33 (E.D.Pa. 2002).  It "is clear that the time for removal begins to run when the defendant receives the requisite written notice of facts which make the case removable." Broderick, 859 F. Supp. at 178 ("[W]hich may be communicated in a formal or informal manner." (quoting 14A Wright, Miller & Cooper, Federal Practice and Procedure § 3732 at 520)).

A few unreported cases have found a plaintiff's refusal to deny the amount in controversy exceeds $75,000 is "other paper" triggering the 30 days to file notice of removal. Brown v. Modell's PA II, Inc., No. 2008 WL 2600253 (E.D. Pa. July 1, 2008) ("Plaintiffs' admission that there was an excess of $75,000 in controversy, through their failure to deny the request for admissions by February 29, 2008, gave defendant actual notice that the amount in controversy

8

requirement was met and the case was removable."); Bishop v. Sam's E., Inc., No. 08-4550, 2009 WL 1795316 (E.D. Pa. June 23, 2009) (agreeing "plaintiff's failure to deny the request for admission gave the defendant notice of an amount in controversy in excess of $75,000, triggering the removal period."). First, it is unclear how a refusal to provide information is "information relating to the amount in controversy." 28 U.S.C. § 1446. As discussed above, most district courts have remanded when the only evidence was a plaintiff's refusal to stipulate the amount in controversy.

Defendant cites to Inaganti v. Columbia Properties Harrisburg LLC, which held "Plaintiffs declined to admit any of these facts, thereby implicitly asserting a claim for potential damages above $75,000." No. 10-1651, 2010 WL 2136597 (E.D. Pa. May 25, 2010). This is precisely the inference that published district court opinions have found insufficient to show amount in controversy. Lee, 237 F. Supp. at 579 (E.D. Pa. 2002) ("[S]everal courts have questioned the propriety of basing federal jurisdiction upon the negative inference from a plaintiff's refusal to stipulate to damages less than the jurisdictional minimum."); TJS Brokerage & Co. v. CRST, Inc., 958 F.Supp. 220, 222 (E.D. Pa.1997) (remanding because a refusal to stipulate the amount in controversy was less than $75,000 did not prove the jurisdictional amount). If these responses or refusals to respond are insufficient to show jurisdiction, then they cannot put the defendant on notice that the amount in controversy exceeds $75,000.

Second, this case presents unique facts because Plaintiffs' attorney already provided Defendant with evidence of the amount in controversy. Several courts have held such attorney correspondence is "other paper" under Section 1446. Broderick, 859 F. Supp. at 179 ("Attorneys are officers of the court and have an ethical obligation to be honest with their adversaries' inquiries about the facts of the case, be they on matters of jurisdiction or on the merits."); White

9

v. Gould, No. 91-6531, 1992 WL 7032 (E.D. Pa. Jan. 9, 1992) (finding a demand letter from the plaintiffs' attorney was "other paper").  But see Sfirakis v. Allstate Insurance Company, No. 91–3092, 1991 WL 147482, *3 (E.D.Pa. July 24, 1991) (finding a demand letter for $300,000 to settle a complaint seeking damages not in excess of $20,000 was not such "other paper" because it was "nothing more than posturing by counsel seeking to stake out a position for settlement purposes").

The statute provides for 30 days to file notice of removal after defendant "first ascertained" the amount in controversy.  28 U.S.C. § 1446(c).  Here, Defendant received a copy of the $55,315 estimate from Plaintiffs' attorney in a demand letter seeking reimbursement for the costs of replacing the floor on April 4, 2013. (ECF 5D).  Although none of the cases have addressed whether a settlement demand letter prior to the filing of a complaint is "other paper," it appears to serve the same purpose as a post-complaint demand letter. Both letters are formal offers to settle legal claims.  There is no requirement a complaint be filed to enter into a settlement agreement.  Furthermore, the demand letter was not merely an attorney's estimate of the value of his clients' claims or the kind of posturing that was unpersuasive in Sfirakis. Instead, the correspondence provided an estimate of actual damages from the contractor, which is the key evidence of the amount in controversy presently before this court.

Plaintiffs' complaint seeks compensatory damages to repair the floor, estimated at $55,315, in addition to interest, punitive damages and attorneys' fees for their bad faith claim. This is the evidence Defendant presents to assert federal subject matter jurisdiction, and Defendant had all of this information on June 6, 2013 when Plaintiffs filed their complaint. Accordingly, even if Plaintiffs' Response to Defendant's Request For Admission did provide

some information regarding the amount in controversy, service of this response was not when Defendant "first ascertained" the claims could exceed $75,000.

## V.   CONCLUSION

Defendant's Notice of Removal is dismissed as untimely, because it was filed on October 8, 2013, more than 30 days after Plaintiffs filed their complaint on June 6, 2013, and Defendant had sufficient information the amount on controversy was met the date when the complaint was served.

O:\CIVIL 13\13-5912 minissale v. state farm\13-5912 minissale memo motion to remand.docx